UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sandra K. Maesse,                               Civil No. 12-2993 (DWF/FLN)

            Plaintiff,

v.                                              **ORDER ADOPTING REPORT
                                                        AND RECOMMENDATION**

Carolyn W. Colvin, Acting
Commissioner of Social Security,

            Defendant.


This matter is before the Court upon Plaintiff Sandra K. Maesse's ("Plaintiff") objections (Doc. No. 18) to the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel, dated January 5, 2014 (Doc. No. 17). The R&R recommends that this Court grant Defendant's motion for summary judgment, deny Plaintiff's motion for summary judgment, and dismiss this case with prejudice. (Doc. No. 17 at 13-14.) Plaintiff filed timely objections to the R&R.[1]

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

---

[1] The Commissioner filed both a "non-objection" to the R&R (Doc. No. 21) and a "response" to Plaintiff's Objections to the R&R. (Doc. No. 22.) Neither document contains any substantive argument regarding Plaintiff's contentions. As another Judge in this District has noted, a substantive response from the Commissioner would often be welcome, but the "non-objection" and response here add nothing to the arguments. *See Aden v. Colvin*, Civ. No. 12-1782, 2013 WL 4610743, at *2 n.2 (D. Minn. Aug. 29, 2013).

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Based on the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court adopts the R&R.

## BACKGROUND

In November 2009, Plaintiff filed an application for Supplemental Security Disability Income ("SSDI") benefits, claiming that she became disabled due to a right wrist injury in 1998.  (Doc. No. 7 ("Admin. R.") at 75, 78.)  Plaintiff later amended her application to allege a disability onset date of December 2008, because SSDI benefits are only available for one year before the date of the application for benefits.  (*Id.* at 125.)  Plaintiff's application was denied and she requested a hearing before an Administrative Law Judge ("ALJ").  ALJ Denzel Busick held a hearing in August 2011 and, in a decision dated August 29, 2011, denied Plaintiff's application.  (*Id.* at 17-24.)

Specifically, the ALJ determined that Plaintiff could pick up twenty pounds occasionally, ten pounds or less frequently, and that she was not limited to sedentary work, but would have restrictions in reaching and grasping due to her wrist injury.  (*Id.* at 19-20.)  Based on this functional capacity, the vocational expert testified that there were jobs in the national economy that Plaintiff could perform.  (*Id.* at 66.)  Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id.* at 24.)

Plaintiff unsuccessfully appealed the ALJ's decision and this litigation followed.

## DISCUSSION

**I.     Legal Standard**

This Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

> Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.  As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

*Id.* (citations omitted).

**II.    Plaintiff's Objections**

Plaintiff takes issue with two of the ALJ's determinations:  first, that she has the residual functional capacity to perform light work; and second, that there are jobs in the national economy that Plaintiff can perform given her age, education, work experience, and residual functional capacity.  Both of these determinations hinge on the ALJ's conclusion that Plaintiff could lift up to 20 pounds occasionally, which would qualify her for light, as opposed to sedentary, work.  It is undisputed that, if Plaintiff were limited to

sedentary work, which is defined in relevant part as lifting only 10 pounds occasionally, she would be disabled under the relevant regulations.[2]

### A.     Light or Sedentary Work

The ALJ determined that Plaintiff "has the residual functional capacity to perform a range of light work as defined in 20 C.F.R. § 404.1567(b). [She] can pick up 20 pounds on occasion and 10 pounds or less frequently." (Admin. R. 20.) Plaintiff contends that substantial evidence does not support this conclusion because a 2009 functional capacity evaluation found that she could lift only 10 pounds occasionally. (*Id.* at 442.) In addition, Plaintiff's treating physician, Dr. Opgrande, imposed similar restrictions in 2004. (*Id.* at 602.) According to Plaintiff, the only evidence in the record that she could lift 20 pounds comes from a non-examining physician who merely reviewed the record in making his determination. (*Id.* at 349.)

But Plaintiff's argument ignores the ALJ's reasoning for the residual functional capacity he adopted. The ALJ noted that the functional capacity evaluation limited Plaintiff's ability to lift with her right hand to 10 pounds. The evaluation did not comment on her ability to lift with her left hand, and the ALJ found that her activities since her injury did not support a restriction of 10 pounds. The ALJ discussed Plaintiff's work history in detail. That work history included more than 10 years of full-time work after her wrist injury, work that ended not because of Plaintiff's restrictions, but because

---

[2]     (*See* Doc. No. 14 at 6 ("[A] capacity for sedentary work would, based on [Plaintiff's] age, education, and lack of skills, indicate that she was disabled.").)

4

the businesses either closed or no longer needed her services. And the ALJ found that Plaintiff continued to perform significant physical work such as plowing, mowing, and first-responder duties, in addition to household duties, that were inconsistent with a sedentary work restriction. (*Id.* at 20-21; *see also id.* at 47 (Plaintiff's testimony that she does some lifting in her part-time job with the City of Wolverton, but that she "tr[ies]" to stay within her lifting restrictions).)

Substantial evidence in the record supports the ALJ's residual functional capacity determination. Plaintiff's Objection on this point is overruled.

### B.     Available Jobs

The Commissioner has the burden to establish that there are jobs in the economy for a person similarly situated in all relevant respects to the disability claimant. 20 C.F.R. §§ 404.1512(g), 404.1560(c). To make this determination, the Commissioner can rely on the testimony of a vocational expert. *Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997). Here, the vocational expert testified that Plaintiff could not perform her past relevant work because of her physical restrictions, but that there were jobs in the national and regional economies that Plaintiff could perform. The vocational expert opined that Plaintiff could be a full-time usher, with 950 positions in the regional economy, or a counter/rental clerk, with 1,800 positions in the regional economy. (Admin. R. at 66.)

Plaintiff objects to the ALJ's reliance on the vocational expert's testimony regarding the availability of these jobs in the regional economy. But her memorandum does not discuss this issue at all, and she thus appears to waive it. Even if not waived, however, having determined that the ALJ was correct in his characterization of Plaintiff's

limitations, and because he included all of those limitations in the hypothetical posed to the vocational expert, that expert's testimony regarding the jobs Plaintiff could perform constituted substantial evidence supporting the ALJ's ultimate determination that Plaintiff was not disabled. *See Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997) ("[T]estimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies.") (citing *Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996)). The vocational expert testified that there were a significant number of either full-time usher positions or counter clerk positions in the regional economy and that Plaintiff could perform those jobs. There is no evidence in the record to dispute that conclusion. Thus, the ALJ was entitled to rely on it. Plaintiff's objection on this point is likewise overruled.

## ORDER

Based on the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premise, **IT IS HEREBY ORDERED** that:

1. Plaintiff Sandra K. Maesse's objections (Doc. No. [18]) to Magistrate Judge Franklin L. Noel's January 5, 2014, Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Franklin L. Noel's January 5, 2014 Report and Recommendation (Doc. No. [17]) is **ADOPTED**.

3. Plaintiff's Motion for Summary Judgment (Doc. No. [9]) is **DENIED**.

6

     4.     Defendant's Motion for Summary Judgment (Doc. No. [13]) is **GRANTED**.

     5.     The Commissioner's decision is **AFFIRMED** and the case is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 14, 2014          s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge